IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CLIFTON J. ROBINSON                                                                    PLAINTIFF

V.                                                                              NO. 4:09CV108-P-D

C. COX, et al.                                                                        DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections, proceeding *pro se*, filed this complaint pursuant to 42 U.S.C. § 1983. The Plaintiff states that he has been classified to work in the kitchen of the correctional facility. He claims that working in the kitchen was stressful. The Plaintiff asserts that he was denied meritorious earned time for his work. The Plaintiff filed his first step grievance but states he has not received a response. The Plaintiff is seeking equitable relief in the form of earned time towards release and monetary damages.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

### Physical Injury Required for Compensatory Damages

The Prison Litigation Reform Act provides in part, "[n]o federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In a case filed under 42 U.S.C. § 1983, a prisoner plaintiff must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. *Id.*; *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). In the absence of a definition of "physical injury" in 42 U.S.C. § 1997e(e), the well established Eighth Amendment standards guide the analysis in determining whether a prisoner has sustained the

necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than *de minimis*, but need not be significant. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days was *de minimis*).

Despite the purported emotional distress, the Plaintiff has not alleged any physical injury. A claim for damages is barred if no physical injury is alleged. *Jones v. Greniger*, 188 F.3d 322, 326 (5th Cir. 1999). Accordingly, the Plaintiff's claim for damages based on purported emotional stress occasioned by working in the kitchen barred.[1] *See Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir. 2003) (nausea caused by raw sewage in cell was *de minimis* injury insufficient to sustain a claim for emotional damages).

## No Right to Classification or Earned Time

The Supreme Court has held that § 1983 is an inappropriate vehicle for an inmate to seek recovery of lost earned time credits. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). There is no constitutionally protected interest in either a custodial classification or the possibility of earning good-time credits. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Additionally, inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Meachum v. Fano*, 427 U.S. 215, 224, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). A prisoner's classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). There are no extreme circumstances presented by the facts of this case. Accordingly, the Plaintiff has failed to state a claim upon which relief may be granted.

---

[1] The court recognizes that the absence of an injury does not preclude any award for nominal or punitive damages. *Holmes v. Stalder*, 254 F.3d 71 (5th Cir. 2001). In light of the Plaintiff's failure to exhaust, however, any damages award is foreclosed.

2

## Exhaustion

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust "such administrative remedies as are available" before he may file suit under 1983 objecting to prison conditions. 42 U.S.C. § 1997e(a); *Underwood v. Wilson*, 151 F.3d 292, 293 (5th Cir. 1998). A prisoner must exhaust the administrative remedies "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001). The Fifth Circuit takes a strict approach to the exhaustion requirement. *Days v. Johnson*, 322 F.3d 863, 867 (5th Cir. 2003) (overruled by implication on other grounds). Since there is no dispute that the Plaintiff did not utilize the administrative remedy program, his complaint may also be dismissed for failure to exhaust. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (the failure of prison officials to respond to a grievance does not constitute a valid excuse for failure to exhaust administrative remedies).

## No Constitutional Violation

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979); *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984) (citing 28 U.S.C. § 2254(a) (1982)); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite Plaintiff's insistence, the Constitution has not been implicated by the facts of this case. Since he has not alleged any physical injury, he may not recover compensatory damages for emotional distress. Similarly, the Plaintiff has no right to a particular classification or the ability to earn any good-time credits. In the absence of the impingement of a constitutional right, the Plaintiff's complaint must be dismissed as failing to state a cause of action upon which relief may be granted. Alternatively, the complaint may be dismissed for the Plaintiff's failure to exhaust administrative remedies.

The court's dismissal of the Plaintiff's complaint for failure to state a claim shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Robinson is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the 30th day of November, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE